## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No.: 13-10258 |
| | ) |
| V. | ) VIOLATIONS: |
| | ) |
| (1) MARSHALL H. DION, | ) 21 U.S.C. § 846 -- Conspiracy to Possess with |
| (2) ███████████████ | )    Intent to Distribute and to Distribute Marijuana |
| | ) |
| (3) GLENN FREEMAN, | ) 21 U.S.C. § 841 -- Possession with Intent to Distribute |
|        Defendants. | )    Marijuana |
| | ) |
| | ) 18 U.S.C. § 2 -- Aiding and Abetting |
| | ) |
| | ) 21 U.S.C. § 853 -- Criminal Forfeiture Allegation |

## INDICTMENT

**COUNT ONE**:          (21 U.S.C. § 846 – Conspiracy to Possess With Intent to Distribute and to
                  Distribute Marijuana)

The Grand Jury charges that:

From on or about January 1994, and continuing through on or about June 18, 2013, at North

Reading, Saugus, Revere, Chelsea and elsewhere in the District of Massachusetts, and elsewhere,

### (1) MARSHALL H. DION,
███████████████

### (3) GLENN FREEMAN,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each

other and with others known and unknown to the Grand Jury, to possess with intent to distribute, and to

distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

It is further alleged that the offense described in Count One involved 1,000 kilograms or more of

a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

Accordingly, 21 U.S.C. § 841(b)(1)(A)(vii) applies to this offense.

It is further alleged that, with respect to Count One, 1,000 or more kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, are attributable to, or were reasonably foreseeable by MARSHALL H. DION, ███████████, and GLENN FREEMAN.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vii) is applicable to defendants MARSHALL H. DION, ███████████, and GLENN FREEMAN.

All in violation of 21 U.S.C. § 846.

**COUNT TWO**:         (21 U.S.C. §  841(a)(1) – Possession with Intent to Distribute Marijuana;
18 U.S.C. § 2 – Aiding and Abetting)


The Grand Jury further charges that:

On or about July 2, 2013 in North Reading, Saugus, and elsewhere in the District of

Massachusetts,

**MARSHALL H. DION,**

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a

Schedule I controlled substance.

All in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.

3

**COUNT THREE:**    (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Marijuana;
18 U.S.C. § 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about ▉▉▉, 2013 in ▉▉▉▉▉ and elsewhere in the District of Massachusetts,

▉▉▉▉▉▉▉,

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a

Schedule I controlled substance.

All in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.

**COUNT FOUR:**     (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Marijuana;

18 U.S.C. § 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about July 23, 2013 in Topsfield and elsewhere in the District of Massachusetts,

**GLENN FREEMAN,**

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a

Schedule I controlled substance.

All in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION
## (21 U.S.C. § 853)

The Grand Jury further charges that:

1.      Upon conviction of one or more of the offenses alleged in Counts One through Four

of this Indictment,

(1)     **MARSHALL H. DION,**
(2)     ██████████████, **and**
(3)     **GLENN FREEMAN,**

defendants herein, shall forfeit to the United States (jointly and severally as to Count One) pursuant

to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds the defendants

obtained, directly or indirectly, as a result of such offenses, and any property used or intended to be

used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2.      If any of the property described in paragraph 1, above, as a result of any act or

omission of the defendants --

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without
        difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other

property of the defendants up to the value of the property described in paragraph 1.

All in violation of 21 U.S.C. § 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
LEAH B. FOLEY
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS                    September 5, 2013

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk
                11:16    9/5/13