# ATTACHMENT A
# ITEMS TO BE SEARCHED

| Description | Referred to in Affidavit as |
|---|---|
| 1. Garmin nuvi 2450 GPS device, serial no. 269008542, marked as Exhibit 1B44. | Target GPS Device; Photograph in Attachment A. |
| 2. Lenova laptop computer, serial no. L3-N5656, marked as Exhibit 1B45. | Target Laptop Computer; Photograph in Attachment A. |
| 3. Apricorn portable hard drive, serial no. 5VJCZLKO, marked as Exhibit 1B49. | Target Storage Device; Photograph in Attachment A. |
| 4. White Apple iPhone, model no. A1387, marked as Exhibit 1B43. | Target Telephone; Photograph in Attachment A. |
| 5. Three USB Thumb Drives, marked as Exhibit 1B51, 1B52 and 1B53. | Target Storage Devices 1B51, 1B52, 1B53. |

## Attachment A

A desktop computer belonging to and used by Marshall H. DION, which is believed to be located at an open cubicle area inside the common area of the office space rented by the law firm Callas Felopulos & Ditelberg LLP, 4 Longfellow Place, Suite 3802, Boston, Massachusetts. The desktop computer, referred to in the Affidavit as the "Target Computer," is depicted in the below photograph.



## Attachment A

The Target Location is an office space previously occupied by Marshall H. Dion, on his own behalf and on behalf of the "Dion Family Trust," located at 4 Longfellow Place, Suite 3802, Boston, Massachusetts. The Target Location is an office located within a suite of office spaces rented by the law firm Callas Felopulos & Ditelberg LLP. Below is a photograph of the office (Target Location) to be searched.



## ATTACHMENT B
## DEFINITIONS

For the purpose of this Warrant:

1. "Computer hardware" means: electronic devices capable of data processing (such as laptop and desktop computers, personal digital assistants ("PDAs"), and wireless communication devices); peripheral input/output devices (such as keyboards, printers, scanners, monitors, and drives intended for removable storage media); related communications devices (such as wireless cards, modems, cables, and connections), and security devices, (such as electronic data security hardware and physical locks and keys).

2. "Computer software" means: programs, program codes, information and data stored in any form (such as operating systems, applications, utilities, communications and data security software; log, history and backup files; encryption codes; user names; and passwords), whether deliberately, inadvertently, or automatically stored.

3. "Computer-related documentation" means: any material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

4. "Storage media" means: any media capable of collecting, storing, retrieving, or transmitting data (such as hard disks, floppy diskettes, CDs, DVDs, tapes, USB flash drives and memory cards).

5. "Data" means: all information stored on storage media of any form (such as documents, tables, metadata, audio and visual files, their drafts and their modifications, whether deliberately, inadvertently, or automatically stored).

6. "A Record" is: any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

# ATTACHMENT C

## ITEMS TO BE SEIZED

 A. All records, in whatever form, and tangible objects that constitute evidence, fruits, and/or instrumentalities of drug distribution and money laundering, as set forth below:

1. Records of personal or business activities relating to the operation or ownership of any computer hardware, software, storage media, or data (such as user names, passwords, telephone records, notes, books, diaries, and reference materials).

2. Records pertaining to accounts held with companies providing Internet access or remote storage of either data or storage media.

3. Records relating to ownership, occupancy, or use of the premises searched (such as utility bills, phone bills, rent payments, mortgage payments, photographs, insurance documentation, receipts and check registers).

4. Records relating to drugs, drug proceeds, drug distribution, drug importation, money laundering, money transfers, ledgers, contact lists, price sheets, and related documents.

5. Records and information identifying contact information for co-conspirators, communications made in furtherance of the conspiracy, and photographs and videos of co-conspirators.

 B. All computer hardware; computer software; computer-related documentation; and storage media. Off-site searching of such hardware, software, documentation, and storage media, shall be limited to searching for the items described in paragraph A of this attachment and shall be done according to the procedures set out in Attachment D.

# ATTACHMENT D

## PROCEDURES FOR SEIZING COMPUTERS AND RELATED DEVICES

1. <u>Seizing hardware and software</u>

Agents are authorized to seize and remove from the premises the computer hardware, software, related documentation, and storage media, so that computer analysts can accurately retrieve the items authorized by this warrant in a laboratory or other controlled environment. The retrieval process does not need to be completed within 10 days after the date of the warrant or before the return of the written inventory required by Fed. R. Crim. P. 41(a).

2. <u>Returning hardware and software</u>

If, after inspecting a seized computer system, the agents and computer analysts determine that these items are no longer necessary to retrieve and preserve electronic evidence, the prosecutor determines that they need not be preserved as evidence, fruits or instrumentalities of a crime, and these items do not contain contraband, they should be returned within a reasonable time, upon written request.

If the computer system cannot be returned, agents should, upon written request, make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that are neither the fruits nor instrumentalities of crime nor contraband.

# EXHIBIT 1