# ATTACHMENT A
# ITEMS TO BE SEARCHED

| Description | Referred to herein as |
|---|---|
| 1. 22 floppy discs seized from Marshall Dion's office, located at 4 Longfellow Place, Suite 3802, Boston, Massachusetts on October 25, 2013 | Target Storage Device |
| 2. A red Nokia cellular telephone, bearing ESN 11416590728 | Target Telephone; Photograph in Attachment A |
| 3. A Centon 16GB USB flash drive seized from Marshall Dion's office, located at 4 Longfellow Place, Suite 3802, Boston, Massachusetts on October 25, 2013 | Target Storage Device; Photograph in Attachment A |
| 4. A Seagate Momentus 320GB hard drive, bearing serial no. 5VE43GWP | Target Storage Device; Photograph in Attachment A |
| 5. A Seagate Momentus 160GB hard drive, bearing serial no. 5NK0ZXFS | Target Storage Device; Photograph in Attachment A |
| 6. An Eagle 750GB external computer drive, bearing serial no. ABG10160170 | Target Storage Device; Photograph in Attachment A |
| 7. A Seagate hard drive, bearing serial no. JE105518 | Target Storage Device; Photograph in Attachment A |
| 8. A Maxtor 200GB hard drive, bearing serial no. B417C8TH | Target Storage Device; Photograph in Attachment A |

Seagate Barracuda hard drive label (rotated):

- MODEL: ST32171N
- FIRMWARE: "0280"
- PART NUMBER: "9C6002-026"
- LOT NUMBER: "A-01-9711-7"
- SERIAL NUMBER: "JE105518"
- MADE IN SINGAPORE
- 7777/0898

SCSI CONNECTOR diagram:
- PIN 1
- TP TO BUS
- TP FROM DRIVE
- RESERVED
- PARITY DISABLE
- WRITE PROTECT
- MOTOR START ENABLE
- DELAY MTR START
- TERM ENABLE
- FRONT
- J2, TP FROM BUS
- J6, HDA, R 4 3 2 1, SE ID ADDR

THIS PRODUCT IS MANUFACTURED UNDER ONE OR MORE PATENTS OF THE UNITED STATES OR OTHER COUNTRIES, OWNED OR LICENSED BY SEAGATE TECHNOLOGY, INC.

# ATTACHMENT C

## ITEMS TO BE SEIZED

A.  All records, in whatever form, and tangible objects that constitute evidence, fruits, and/or instrumentalities of drug distribution and money laundering, as set forth below:

1. Records of personal or business activities relating to the operation or ownership of any computer hardware, software, storage media, or data (such as user names, passwords, telephone records, notes, books, diaries, and reference materials).

2. Records pertaining to accounts held with companies providing Internet access or remote storage of either data or storage media.

3. Records relating to ownership, occupancy, or use of the premises searched (such as utility bills, phone bills, rent payments, mortgage payments, photographs, insurance documentation, receipts and check registers).

4. Records relating to drugs, drug proceeds, drug distribution, drug importation, money laundering, money transfers, ledgers, contact lists, price sheets, and related documents.

5. Records and information identifying contact information for co-conspirators, communications made in furtherance of the conspiracy, and photographs and videos of co-conspirators.

B.  All computer hardware; computer software; computer-related documentation; and storage media. Off-site searching of such hardware, software, documentation, and storage media, shall be limited to searching for the items described in paragraph A of this attachment and shall be done according to the procedures set out in Attachment D.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR SEARCH WARRANT FOR ELECTRONIC STORAGE DEVICES | MJ No. 13-MJ-2400 through 13-MJ-2407 |

## AFFIDAVIT OF SPECIAL AGENT STEPHEN J. KELLEHER

I, Stephen J. Kelleher, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a seizure warrant. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 2004. I am currently assigned to the Organized Crime Drug Enforcement Task Force ("OCDETF") Boston Strike Force, which consists of federal law enforcement agents from not only the FBI, but also from other federal agencies, including the U.S. Drug Enforcement Administration ("DEA"), Homeland Security Investigations ("HSI"), the Internal Revenue Service ("IRS"), the U.S. Marshals Service ("USMS"), and other state and local law enforcement agencies. Prior to my current position, I was employed as a police officer in Seekonk, Massachusetts, and East Providence, Rhode Island.

2. Since becoming a Special Agent with the FBI, I have participated in investigations of narcotics trafficking and money laundering, and among other things,

have conducted and participated in physical surveillance, the execution of search warrants, debriefings of informants, and have been the affiant in Title III investigations. Through my training, education, and experience, I am familiar with the manner in which illegal drugs are transported, stored, and distributed, and with the methods of payment for such drugs.

3. Based upon my training and experience, I am familiar with the methods of operation employed by narcotics traffickers operating at the local, statewide, national and international levels, including those involving the distribution, storage and transportation of narcotics and the collection of monies that constitute the proceeds of narcotics trafficking activities.

4. I make each of the following statements based upon my own personal knowledge, belief, and information and the knowledge, belief and information of other Police Officers involved in this investigation.

5. The purpose of this Affidavit is to set forth probable cause in support of my applications for search warrants authorizing the search and seizure of evidence of the crimes of conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana and money laundering, all in violation of 21 U.S.C. §§846 and 841 and 18 U.S.C. §§1956 and 1957 (herein, the "Target Offenses") from the following electronic devices:

| Description | Referred to herein as |
|---|---|
| 1. 22 floppy discs | Target Storage Device |
| 2. A red Nokia cellular telephone, bearing ESN 11416590728 | Target Telephone; Photograph in Attachment A |
| 3. A Centon 16GB USB flash drive | Target Storage Device; Photograph in Attachment A |
| 4. A Seagate Momentus 320GB hard drive, bearing serial no. 5VE43GWP | Target Storage Device; Photograph in Attachment A |
| 5. A Seagate Momentus 160GB hard drive, bearing serial no. 5NK0ZXFS | Target Storage Device; Photograph in Attachment A |
| 6. An Eagle 750GB external computer drive, bearing serial no. ABG10160170 | Target Storage Device; Photograph in Attachment A |
| 7. A Seagate hard drive, bearing serial no. JE105518 | Target Storage Device; Photograph in Attachment A |
| 8. A Maxtor 200GB hard drive, bearing serial no. B417C8TH | Target Storage Device; Photograph in Attachment A |

6. A full description of the above items (collectively, the "Target Devices") to be searched is attached hereto as Attachment A, and is incorporated herein by reference.

7. This affidavit does not contain each and every fact I know about this investigation. This affidavit only sets forth sufficient facts to demonstrate probable cause for the requested warrants.

## SUMMARY OF INVESTIGATION

8. On October 29, 2013, the Honorable Marianne B. Bowler, United States Magistrate Judge for the District of Massachusetts, authorized a warrant to search an office space previously occupied by Marshall DION on his behalf and on behalf of the

3

"Dion Family Trust," located within suite 3802, at 4 Longfellow Place, Boston, Massachusetts (Dkt. No. 13mj2375-MBB) and for a number of electronic devices, including a cellular telephone, computers, and electronic storage devices (Dkt. Nos. 13mj2376-2381-MBB). A true and correct copy of my Affidavit submitted in support of the Applications for those warrants is attached hereto as **Exhibit 1** and incorporated herein by reference.

9. On October 29, 2013, pursuant to the search warrant agents searched DION's office space a 4 Longfellow Place. All of the Target Devices were located during the search, in additional to the items listed below:

   a. checkbooks for various bank accounts;
   b. assortment of keys, including keys for storage units, and hand-written notes;
   c. financial documents and/or deposit slips from numerous banks, including Sovereign Bank, Bank of America, Fleet Bank, and Citizens Bank;
   d. letters and e-mails from Jeanette Leighton;
   e. car rental and accident report documents;
   f. one brown bag containing money bands and typed labels reading "ALMOST NEW (Dirty)" and "NEARLY NEW (Clean)";
   g. One grey plastic bag containing five blue bank deposit bags and money bands;
   h. a contact list;
   i. hand-written drug ledgers dating from 1992 to 2007, documenting amounts of marijuana sold to various customers, the quality of the marijuana, drug debts owed by customers, and payments made by customers;
   j. documents from Town & Country Self Storage;
   k. a Royal Sovereign cash counter;
   l. a Scan Coin cash counter;
   m. a Fluke infrared thermometer;
   n. printout of Currency and Foreign Transactions Reporting Act;
   o. nine UPS shipping boxes with hand-written notes of "32-20's" in black marker;
   p. documents for a $3,000 wire transfer to Jeanette Leighton;
   q. documents and copies of checks for the payment of a storage unit in Plymouth Meeting, Pennsylvania, for Warren Merrill; and
   r. eight .32 caliber bullets.

4

10. Based upon my training and experience, and the training and experience of other agents with whom I have worked and spoken, I know that:

    a. narcotics traffickers must maintain, on hand, large amounts of U.S. Currency in order to maintain and finance their on-going narcotics business;

    b. it is common for narcotics traffickers to maintain books, records, receipts, notes, emails, ledgers, airline tickets, receipts relating to the purchase of financial instruments and or the transfer of funds, and other papers relating to the transportation, ordering, sale and distribution of controlled substances;

    c. it is common for drug dealers to secrete contraband, proceeds of drug sales and records of drug transactions in secure locations which they maintain dominion and control over, for ready access and to conceal these items from law enforcement authorities;

    d. narcotics traffickers often purchase and/or title their assets in fictitious names, aliases, or the names of relatives, associates or business entities to avoid detection of these assets by government agencies;

    e. even though these assets are in the names of others, the narcotics traffickers actually own and continue to use these assets, and exercise dominion and control over them;

    f. it is common for persons involved in narcotics trafficking to maintain evidence pertaining to their obtaining, secreting, transfer, concealment and or expenditure of narcotics proceeds, such as: currency, financial instruments, precious metals and gemstones, jewelry, books, records, invoices, receipts, records of real estate transactions, bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashiers checks, bank checks, safe deposit box keys and money wrappers. These items are maintained by the narcotics traffickers within their residences, businesses or other locations, including storage units, which they maintain dominion and control over;

    g. narcotics traffickers often utilize electronic equipment such as computers, cellular telephones, tablet computers (iPads, iPods), currency counting machines and telephone answering machines to generate, transfer, count, record and or store the information described above. I have also encountered cellular telephones, billing records pertaining to cellular telephone accounts,

5