UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | Criminal No. 13-CR-10258-DJC(s) |
|---|---|---|
| | ) | |
| v. | ) | Violations: |
| | ) | |
| (3) GLENN FREEMAN, | ) | 21 U.S.C. §846 – Conspiracy to Possess |
| | ) | With Intent to Distribute and to Distribute |
| Defendant. | ) | Marijuana |
| | ) | |
| | ) | 21 U.S.C. §841 – Possession with Intent to |
| | ) | Distribute Marijuana |
| | ) | |
| | ) | 21 U.S.C. §853 |
| | ) | Criminal Forfeiture Allegation |

## SUPERSEDING INFORMATION

COUNT ONE:  (21 U.S.C. §846 – Conspiracy To Possess With Intent To Distribute and to Distribute Marijuana)

The United States Attorney charges that:

Beginning in or about January 1995, and continuing through on or about June 18, 2013, at North Reading, Saugus, Revere, Chelsea and elsewhere in the District of Massachusetts, and elsewhere,

### (3) GLENN FREEMAN,

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §841(a)(1).

All in violation of 21 U.S.C. §846.

**COUNT TWO:** (21 U.S.C. §841(a)(1) – Possession with Intent to Distribute Marijuana)

The United States Attorney further charges that:

On or about July 23, 2013 in Topsfield, and elsewhere in the District of Massachusetts,

**(3) GLENN FREEMAN,**

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of 21 U.S.C. §841(a)(1).

# FORFEITURE ALLEGATION
## (21 U.S.C. §853)

The United States Attorney further charges that:

1. Upon conviction of the offenses alleged in Counts One and Two of this Superseding Information,

**(3) GLENN FREEMAN,**

defendant herein, shall forfeit to the United States, jointly and severally as to Count One, pursuant to 21 U.S.C. §853, any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offense; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant –

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All pursuant to 21 U.S.C. §853.

CARMEN M. ORTIZ
United States Attorney

By: *Leah B Foley*
LEAH B. FOLEY
Assistant U.S. Attorney